# N. Y. COMMON PLEAS.

### HECTOR CHAWVITEAU agt. JAMES H. FAY.

*Complaint — Answer — Reply — Demurrer.*

Where the answer set up as new matter by way of avoidance that plaintiff had sold and assigned the claim in dispute prior to the commencement of the action, a reply denying each and every allegation set up in the answer as new matter by way of avoidance, is sufficient within the meaning of sections 514 and 516 of the Code of Civil Procedure.

*Special Term, November,* 1877.

THE suit was brought to recover $2,185.50. The complaint states that the defendant is an attorney at law in this State ; that the plaintiff called upon him to have him collect a claim of $2,185 against one J. V. O'Sullivan ; that defendant told him he was the attorney for O'Sullivan in an action against Marshall O. Roberts wherein O'Sullivan expected to recover a large sum of money, and that he (Fay) would secure the sum by agreeing to pay the money claimed by plaintiff out of the sum recovered in that suit ; that in consideration of this promise the plaintiff agreed to forbear pressing the claim and to accept an order from O'Sullivan upon the defendant and accepted by him ; that such order was signed and delivered to him ; that O'Sullivan got a verdict against Marshall O. Roberts for a large sum of money, but instead of retaining any part to pay the plaintiff paid the whole sum recovered over to O'Sullivan. He states further that O'Sullivan is irresponsible, whereupon he demands judgment against the defendant. The answer set up that the

Chawviteau agt. Fay.

plaintiff had assigned the claim prior to the commencement of the action to one W. H. Goodby, and that he is not now the real party in interest.   To this answer a reply was put in averring that the plaintiff was the real party in interest and had never assigned the claim.   This reply was demurred to on the ground that it was insufficient in law upon its face.

LARREMORE, J. — The answer set up as new matter, by way of avoidance, that plaintiff had sold and assigned the claim in dispute prior to the commencement of the action. To this a reply is interposed denying each and every allegation set up in the answer as new matter by way of avoidance. I think the reply is sufficient within the meaning of sections 514 and 516 of the Code.   It may contain either a general or specific denial.   The answer alleges an assignment of the claim by plaintiff prior to the suit.   This is denied in general terms by the reply, followed by an averment that plaintiff was the owner of the claim at the time the suit was brought. Plaintiff had set forth the fact and should not be required to plead the avoidance of the fact.   The motion to strike out the demurrer to the reply as frivolous should be granted.